IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00146-BNB

JONATHANDAVID DANIEL SCHMIER,

      Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,
OFFICER MATTHEW J. DUNICH, Badge #1611, and
DETECTIVE CARLOTTA RIVERA, Badge #1766D,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Jonathandavid Daniel Schmier, has filed *pro se* a Complaint alleging that Defendants violated his constitutional rights.  The Court construes Mr. Schmier's constitutional claims as being asserted pursuant to 42 U.S.C. § 1983.  He seeks damages as relief.

      Mr. Schmier has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims asserted in the Complaint are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous and malicious.

      The Court must construe the Complaint liberally because Mr. Schmier is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Schmier's claims in this action arise out of his arrest in Colorado Springs, Colorado, in September 2006. In general, Mr. Schmier describes his claims in this action as follows:

> Throughout the course of the Criminal investigation the City of Colorado Springs violated the Plaintiff[']s constitutional rights when they allowed Employees of the Colorado Springs Police Department Officer Matthew J[.] Dunich[,] Badge #1611[,] and Detective Carlotta Rivera[,] Badge #1766D[,] To write reports on the plaintiff alleging that the plaintiff committed a crime when there was not substantial evidence to support the statements that were made in their reports.

(Doc. #1 at 1.) Mr. Schmier specifically alleges that Officer Dunich responded to a call for service on September 14, 2006, and wrote a report charging Mr. Schmier with theft. He further alleges that the case was forwarded to Detective Rivera who requested that a warrant be issued for Mr. Schmier's arrest on a charge of felony theft. Mr. Schmier asserts that he was taken into custody pursuant to the felony arrest warrant, apparently in Florida, and extradited to Colorado. According to Mr. Schmier, Defendants' actions and his resulting criminal record have caused him to lose a number of jobs and have prevented him from obtaining housing.

2

Mr. Schmier's Complaint in this action raises the same claims he raised in a prior action against the same Defendants.  *See Schmier v. City of Colorado Springs*, No. 10-cv-02297-LTB (D. Colo. Jan. 31, 2011).  In 10-cv-02297-LTB, the Court addressed the merits of Mr. Schmier's constitutional claims against Defendants and determined that the claims were legally frivolous.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious."  *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted).  Furthermore, the Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims.  *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).  The Court has done so and finds that the claims Mr. Schmier is raising in the instant action are repetitive of the claims he raised in 10-cv-02297-LTB.  Therefore, the claims will be dismissed again as frivolous and also as malicious.  Mr. Schmier is warned that the Court can impose sanctions if he persists in filing repetitive complaints.

The Court's order dismissing 10-cv-02297-LTB also noted that Mr. Schmier's claims appeared to be barred by the applicable two-year statute of limitations.  *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (finding that a two-year statute of limitations applies to § 1983 actions in Colorado).  Although Mr. Schmier argues in the instant Complaint that his claims are not barred by the statute of limitations because he did not discover his injury until September 8, 2011, when he allegedly obtained proof that his rights had been violated by Defendants in 2006, the Court is not persuaded. "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have

3

been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation and quotation marks omitted).  Thus, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).  As a result, the Court remains convinced that Mr. Schmier's claims accrued in 2006 and are barred by the statute of limitations.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous and malicious.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __8th__ day of ___February_____, 2012.


BY THE COURT:


____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court